Opinion filed May 29, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed May 29, 2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00286-CR

                                                    __________

 

                               GILBERT LEE CONTRERAS, Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 358th District Court

 

                                                           Ector
County, Texas

 

                                                 Trial
Court Cause No. D-32,726

 



 

                                              M E
M O R A N D U M   O P I N I O N

This
is an appeal from a judgment adjudicating guilt.  Gilbert Lee Contreras
orginally entered a plea of guilty to the offense of robbery.  Pursuant to the
plea bargain agreement, the trial court deferred the adjudication of his guilt,
placed him on community supervision for ten years, and assessed a $1,500 fine. 
After a hearing on the State=s
first amended motion to adjudicate, the trial court found that he had violated
the terms and conditions of his community supervision, revoked his community
supervision, adjudicated his guilt, and assessed his punishment at confinement
for eight years and a $1,500 fine.  We affirm.








                                                                  Issue
on Appeal

In
his sole issue on appeal, appellant contends that the trial court abused its
discretion in revoking his community supervision because his trial counsel was
only appearing as a messenger for his retained counsel who was in trial in
another city at the time.  Trial counsel was the only available attorney in his
retained counsel=s
office, and appellant argues that the attorney was not familiar with his case. 
Appellant contends that the trial court should have granted his trial counsel=s oral motion for
continuance and that the failure to grant the continuance resulted in the
denial of his right to counsel.

                                                         Adjudication
Proceedings

The
State alleged that appellant had violated the terms and conditions of his
community supervision by committing the offense of assault, by committing the
offense of interfering with an emergency call, by failing to make his
court-ordered payments, by failing to perform his court-ordered community
service, by committing the offense of presenting a false identification to a
police officer, and by committing the offense of violating a protective order. 
The trial court found all of the allegations to be true.

The
record from the hearing reflects that Abegail Lopez was the victim of the
assault, was the injured party making the emergency call appellant interfered
with, and, along with her three children, was protected from contact with
appellant under the emergency order.  The record further reflects that Lopez
had entered the courtroom but had left before the proceedings started. 
Appellant=s trial
counsel stated that she believed appellant knew where Lopez was and that he had
access to Lopez.  Trial counsel asked for a recess in order that appellant
could locate Lopez.  The trial court noted in open court that the parties had
already been waiting for Lopez for one and one-half hours and stated, ALet=s go.@

Photographs
of Lopez=s injuries
and testimony concerning how appellant had given a false identity to the police
when they answered Lopez=s
emergency call were introduced into evidence.  A copy of the emergency
protective order prohibiting appellant from contacting Lopez and her children,
as well as evidence that Lopez=s
children provided the police with appellant=s
true identity, was also introduced.  Appellant=s
adult community supervision officer testified that appellant had committed the
alleged technical violations.








In
her closing arguments, appellant=s
trial counsel argued the facts of appellant=s
case with familiarity and stated that Lopez had come to her office to sign an
affidavit.  Trial counsel further argued that she had spoken personally with
Lopez, that Lopez had told trial counsel how she allowed appellant to continue
to live with her, and that Lopez was in fact Acreating
a life together@ with
appellant.

                                     Trial
Court=s
Denial of the Motion for Continuance

A
sworn, written motion for continuance must be filed to preserve a complaint for
appellate review.  Tex. Code Crim. Proc.
Ann. arts. 29.03, 29.06, 29.08 (Vernon 2006); Dewberry v. State,
4 S.W.3d 735, 755 (Tex. Crim. App. 1999); Montoya v. State, 810 S.W.2d
160, 176 (Tex. Crim. App. 1989).  Appellant=s
arguments are not properly before this court.  Moreover, we note that the
record does not support appellant=s
contentions on appeal that his trial counsel was nothing more than a mere Amessenger@ or that, therefore, his
constitutional rights were violated under the holding in United States v.
Gonzalez-Lopez, 548 U.S. 140 (2006).  Appellant=s issue is overruled.

                                                               This
Court=s
Ruling

The
judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

 

May 29, 2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.